**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-10520**
**Summary Calendar**

_____

**DAVID B. OPENSHAW,**

**Plaintiff-Appellant,**

**versus**

**EEX CORPORATION; ET AL.,**

**Defendants,**

**EEX CORPORATION; ENSERCH EXPLORATION, INC.,**
**Severance Pay Plan; JANICE HARTRICK,**
**Individually and as Administrator and**
**Fiduciary of the Severance Plan**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:98-CV-1193-H)**

_____

January 27, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Solely at issue is David B. Openshaw's challenge to the denial of a Rule 60(b) motion for relief from judgment.

Openshaw filed this action to recover severance benefits; but on 15 January 1999, an adverse summary judgment dismissed his action on the merits. Openshaw filed a series of post-judgment motions, including the Rule 60(b) motion at issue, all of which

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were denied. On 30 April 1999, after the Rule 60(b) denial, Openshaw appealed it and the summary judgment.

In our court, the employer moved to dismiss for lack of jurisdiction, based on the notice of appeal being untimely. Our court granted the motion as to the summary judgment, but denied it concerning the Rule 60(b) denial.

Whether "to grant ... relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion". *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)(en banc). For the requisite abuse of discretion, Openshaw contends that the district court made *fundamental* errors of law in granting summary judgment by determining the wrong standard for reviewing the severance plan administrator's actions; holding that there was no conflict of interest on the part of the severance plan administrator; and determining that Openshaw was *not* retaliated against under § 510 of ERISA.

Openshaw's contentions do *not* meet the usual criteria of mistake, inadvertence, surprise, or excusable neglect, as listed in Rule 60(b). Nor under the fundamental misconception of the governing law basis, read into Rule 60(b), is there any ground for relief.

Openshaw's grounds for challenging the Rule 60(b) denial appear to be no more than camouflage for his forfeited appeal from the summary judgment. But, as he recognizes, Rule 60(b) is *not* a substitute for a timely appeal.